*REMAND/MADE JS-6*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | |
|---|---|
| Case No. | CV 12-1215-GW(JCx) |
| Title | *Alma Rocha v. Bank of America, NA, et al.* |
| Date | April 12, 2012 |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None Present   None Present

**PROCEEDINGS (IN CHAMBERS):** **RULING ON DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT, AND ORDER REGARDING REMAND**

Attached hereto is the Court's ruling on Defendants' Motion to Dismiss the First Amended Complaint filed February 17, 2012. Plaintiff's HEOPA claim is dismissed without leave to amend. The Court declines to exercise supplemental jurisdiction over the remainder of the case and this action is ordered remanded to the Los Angeles County Superior Court forthwith (LC094933).

:

Initials of Preparer   JG

***Rocha v. Bank of Am., N.A., et al.,*** Case No. CV-12-1215
Ruling on Defendants' Motion to Dismiss the First Amended Complaint, and Order regarding Remand

    Defendants Bank of America, N.A. and Countrywide Home Loans, Inc. (collectively "Defendants") move to dismiss the First Amended Complaint ("FAC") filed January 11, 2012 (the day before a demurrer to the original Complaint was set for hearing in state court), by plaintiff Alma Rocha ("Plaintiff") in this action relating to foreclosure proceedings affecting her home in Reseda, California. Plaintiff's FAC asserts five claims for relief: 1) violation of the Homeowners Equity Protection Act ("HOEPA"), 2) violation of California Civil Code § 1572, 3) breach of the implied covenant of good faith and fair dealing, 4) violation of California Civil Code § 2923.5, and 5) violation of California Business and Professions Code § 17200.

    Defendants removed the case to this Court from Los Angeles County Superior Court on February 10, 2012 because, in the FAC, Plaintiff asserted, for the first time, a cause of action based in federal law – the HOEPA claim. *See* Notice of Removal ¶¶ 2-3, 5, 7, 10-13. The remaining claims are before the Court based only on the Court's supplemental jurisdiction. *See id.* ¶¶ 14-15. As discussed further below, the Court will dismiss Plaintiff's HOEPA claim without leave to amend, decline to maintain supplemental jurisdiction over the remaining state law claims, and remand the remainder of the action to state court.

    Under Rule 12(b)(6), a court is to (1) construe the complaint in the light most favorable to the plaintiff (or counter-plaintiff), and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt,

1

that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief).

However, the court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556). A plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In its consideration of the motion, the Court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir.), *cert. denied*, 512 U.S. 1219 (1994), *overruled on other grounds in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (indicating that a court may consider a document "on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion").

Plaintiff has not opposed the instant motion. Under Local Rule 7-12, her failure to file a timely opposition "may be deemed consent to the granting or denial of the motion." C.D. Cal. L.R. 7-12.

Plaintiff's HOEPA claim is subject to 1- and 3-year statutes of limitation. *See* 15 U.S.C. §§ 1635(f)[1], 1640(e); *see also In re Community Bank of N. Va.*, 418 F.3d 277,

---

[1] In fact, the Ninth Circuit has ruled that the three-year period under section 1635(f) is a statute of *repose*, *not* subject to equitable tolling. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1329 (9th

304-05 (3d Cir. 2005) (indicating that TILA statute of limitations applies to HOEPA claim, but that equitable tolling may be available). Plaintiff's allegations demonstrate that her HOEPA claim is founded upon events that allegedly occurred either when she first obtained her loan (which did not involve Defendants) or when she refinanced that loan, both of which events occurred in the Summer of 2006, more than five years before she instituted this action. *See* FAC ¶¶ 13-15; ¶ 41 ("HOEPA required Defendant to make certain disclosures and prohibits certain terms from being included in home loans."); ¶ 43 ("Pursuant to HOEPA and specifically 15 U.S.C. § 1639(A)(1), each Defendant is required to make certain disclosures to Plaintiff which are to be made conspicuously and in writing no later than three (3) days prior to the closing."); ¶ 44 (setting forth a disclosure Plaintiff alleges Defendants were required to make no later than three days prior to closing); ¶ 45 (alleging a violation of HOEPA by "[f]ailing to make foregoing [*sic*] disclosures in a conspicuous fashion" and by "[e]ngaging in a pattern and practice of extending credit to Plaintiff without regard to her ability to pay and in violation of 15 U.S.C. § 1639"[2]); ¶ 47 ("Defendants further violated HOEPA by failing to make an additional disclosure, including but not limited to, Plaintiff not receiving the required disclosure of the right to rescind the transactions."). In sum, Plaintiff has alleged that Defendants did not make certain disclosures (the disclosure cited in ¶ 44 and a disclosure concerning her right to rescind), loaned money to her without regard for her ability to pay, and included "certain [unspecified] terms" in her loan. None of these actions are ones that Plaintiff could not have realized at, or very soon after, the time when she

---

Cir. 2012); *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164-65 (9th Cir. 2002); *see also Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 417-19 (1998).

[2] Even assuming that a single borrower obtaining a single loan/refinance can bring an action only on behalf of themselves in connection with a "pattern or practice" violation under 15 U.S.C. § 1639(h) ("A creditor shall not engage in a pattern or practice of extending credit to consumers under mortgages referred to in [15 U.S.C. § 1602(aa)] based on the consumers' collateral without regard to the consumers' repayment ability, including the consumers' current and expected income, current obligations, and employment."), Plaintiff alleges she only started having difficulty paying her mortgage when she quit her job and her husband lost his job in 2007 – *i.e.*, <u>after</u> she obtained the loan – and that she and her husband had a combined annual income of approximately $55,000 when she obtained their almost $600,000 loan. *See* FAC ¶¶ 17, 28. The later-developing difficulties Plaintiff and her husband had paying their mortgage serves to seriously call into question the "pattern and practice" allegation Plaintiff makes in ¶ 45; the salary vs. loan data indicates that Plaintiff could have analyzed any problem with the economics of the loan (assuming that there was one) at the time she obtained it. Plaintiff's inexperience "beyond basic financial matters," *id.* ¶ 26, is absolutely no excuse for the situation she finds herself in or a reason to delay the running of HOEPA's statute of limitations.

3

obtained her loan/refinance. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (ruling that running of section 1640(e) limitations period occurred at time of execution of loan documents "because [plaintiff] could have discovered the alleged disclosure violations and discrepancies at that time," that the running of the limitations period was "apparent on the face of the complaint because the plaintiffs obtained their loans in 2006, but commenced their action in 2009," and that denial of leave to amend was not abuse of discretion); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996) ("[N]othing prevented Hubbard from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements.").

Although she has already attempted to allege a basis for tolling, those allegations are formulaic and conclusory and do not, in the slightest, reveal that Plaintiff was simply *incapable* of discovering the alleged wrongdoing in connection with her HOEPA claim. *See id.* ¶ 37 ("Any applicable statutes of limitations [*sic*] have been tolled by the Defendants [*sic*] continuing, knowing and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein."); *id.* ¶ 38 ("Defendants should be estopped from relying on any statutes of limitations. Defendants have been under a continuing duty to disclose the true character, nature and quality of their financial services and debt collection practices. Defendants owed Plaintiff an affirmative duty of full and fair disclosure, but knowingly failed to honor and discharge such duty."); *id.* ¶ 50 ("Plaintiff first learned of the full actions of Defendants, including their failure to disclose and the fraud committed upon her in June of 2011 [*sic*]. Any applicable statute of limitations should run from this date."). Plaintiff has given the Court no reason to believe that anything prevented her from undertaking any basic investigation about the completeness of Defendants' disclosures at the time she obtained her loan or refinance, or any time thereafter before the applicable statutes of limitation would have run. *See Cervantes*, 656 F.3d at 1045; *Hubbard*, 91 F.3d at 79. There are, thus, no "appropriate circumstances" which could support tolling of Plaintiff's HOEPA claim. *See King v. State of Cal.*, 784 F.2d 910, 914-15 (9th Cir. 1986).

It is clear that Plaintiff cannot plead any form of tolling in connection with the theory supporting her HOEPA claim as it is currently pled. She has given no indication that she has any other basis for a HOEPA claim. Thus, the Court concludes that Plaintiff either cannot, or does not want to, amend her HOEPA claim. Consequently, Plaintiff's HOEPA claim is dismissed without leave to amend.

With Plaintiff's sole federal claim dismissed, the Court declines to exercise supplemental jurisdiction over the remainder of the case. *See Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 911 (9th Cir. 2011); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Therefore, with the exception of her HOEPA claim (which, as mentioned above, is dismissed with prejudice), this action is ordered to be remanded to state court forthwith.